

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF OREGON**

**TRISH M. BROWN**
CHIEF JUDGE

1001 SW FIFTH AVENUE, #700
PORTLAND, OREGON 97204
(503) 326-1592

STEPHEN A. RAHER
LAW CLERK

SUZANNE M. MARX
JUDICIAL ASSISTANT

June 25, 2018

Brad T. Summers
Lane Powell PC
601 Second Ave., Ste. 2100
Portland, OR 97204

Kenneth P. Childs
Stoel Rives LLP
760 SW Ninth Ave., Ste. 3000
Portland, OR 97205

Robert J. Custis
494 State St., Ste. 300C
Salem, OR 97301

**VIA CM/ECF ONLY**

Re:   *In re Frank F. Hartner*, Case No. 16-31394-tmb7
      *In re William A. Hartner*, Case No. 16-31395-tmb7

Dear Counsel:

This matter came before the court on two mirror-image motions to settle and compromise (the "Motions"),[1] filed by trustee Ken Eiler in the above-referenced cases. Pursuant to Federal Rule of Bankruptcy Procedure 9019(a), the Motions seek approval of a settlement between the two bankruptcy estates and creditors Marcus and Matthew Fullard-Leo. Debtors objected to the Motions; the Trustee and the Fullard-Leos both filed responsive memoranda in support of the proposed settlement. The court held a hearing on June 12, 2018, at which Robert Custis appeared for the Debtors, Brad Summers appeared for the Trustee, and Kenneth Childs appeared for the Fullard-Leos. The court gave Debtors until June 20 to file any additional responses to factual allegations made by the Fullard-Leos. No such responses were filed. I write today to announce the court's ruling.

Facts
The Motions concern three business ventures (referred to in the Motions as the "Partnerships") involving debtor William Hartner and the Fullard-Leos. Each Partnership holds a parcel of real

---

[1] ECF No. 439 in the Frank Hartner case; ECF No. 309 in the William Hartner case. All subsequent citations to ECF docket numbers refer to the William Hartner case, unless otherwise indicated.

property.[2] William Hartner did not disclose his interests in the Partnerships on his bankruptcy schedules, likely in violation of section 521(a) of the Bankruptcy Code.

The Partnerships have generally operated, in the aggregate, at a loss. The Fullard-Leos advanced funds to cover such losses, while William Hartner did not.[3] The Fullard-Leos have filed claims against the William Hartner estate for $83,702.08, representing William Hartner's pro rata share of prepetition losses from the Partnerships.[4] Under the proposed settlement, the Fullard-Leos would withdraw the $83,702.08 portion of their claims that relates to the Partnership losses, and the Trustee would sign deeds transferring the estate's interest in the Partnership properties to the Fullard-Leos.

Legal Standards

I have jurisdiction to decide this matter under 28 U.S.C. §§ 1334 and 157(b)(2)(B) and (O). A settlement under Rule 9019, by definition, must involve a dispute. When approving a compromise of such dispute, a bankruptcy court must consider: (1) the estate's probability of success, (2) the likelihood of collection, if the estate prevails, (3) the complexity of the dispute and the cost and delay that would result from litigation, and (4) the paramount interest of the creditors and a proper deference to their reasonable views in the premises. *Martin v. Kane (In re A&C Properties)*, 784 F.2d 1377, 1381 (9th Cir. 1986). The trustee bears the burden of proving that the settlement is fair and equitable, although the court generally will defer to the trustee's business judgment. *Goodwin v. Mickey Thompson Entertainment Group (In re Mickey Thompson Entertainment Group)*, 292 B.R. 415, 420 (9th Cir. BAP 2003).

Analysis

At the outset, it is easy to dispense with the objection filed by Frank Hartner. The Trustee alleges, and Frank Hartner does not dispute, that Frank Hartner held no interest in any of the Partnerships.[5] When considering approval of a settlement, the court must entertain objections made by interested parties. *Lawrence v. Steinford Holding B.V. (In re Dominelli)*, 820 F.2d 313, 317 (9th Cir. 1987). Because Frank Hartner has produced no evidence showing he has a legal, equitable, or economic interest in the dispute being compromised, he is not an interested party, and his objection is therefore overruled.

---

[2] The three properties are identified in the Declaration of Marcus Fullard-Leo (ECF No. 326). The parties refer to these properties as "rental properties," however the record indicates that only one of the three parcels (1486 Market Drive) has generated any rental revenue. The other properties (28600 SE Highway 212 and 1305 NE Village Street) both appear to be bare land, presumably held for investment purposes. *See* William Hartner Objection (ECF No. 313), Exh. A; and Fullard-Leo Decl., Exh. A.

[3] Fullard-Leo Decl. ¶ 2.

[4] *See* William Hartner case, Claim No. 4-4, Exh. A, item II; Exh. B, ¶ 5; and Exh. C. (claim of Marcus Fullard-Leo). *See also* Claim No. 5-4 (identical claim filed by Matthew Fullard-Leo).

[5] Oddly, Frank Hartner's objection states that "Frank Hartner, had a partnership interest only in Billy Bob's Restaurant." Frank Hartner Objection (Frank Hartner Case, ECF No. 449), ¶ 1. It is difficult to see how this is relevant, since that restaurant is not implicated in the settlement.

As for William Hartner, his objection is founded on his argument that he had no obligation to reimburse the Fullard-Leos for his share of the Partnership losses.[6] Before addressing this objection, it is necessary to note that the legal structure of the Partnerships is less than clear. The Trustee alleges that the Partnerships are just that—general partnerships governed by chapter 67 of the Oregon Revised Statutes. But there is probative evidence suggesting that William Hartner and the Fullard-Leos viewed their relationship as a tenancy in common.[7] In either event, William Hartner's argument fails because there is no evidence of any agreement that would alter the default rules applicable to jointly-held property.

To the extent that the Partnerships are actual general partnerships, there is no evidence of a partnership agreement, and therefore Oregon's statutory partnership rules govern. ORS 67.042. One such rule specifies that each partner is chargeable for partnership losses in proportion to their share of partnership profits. ORS 67.140(2). Here, William Hartner owned a one-third interest in the purported Partnerships, and therefore would be accountable for one-third of each partnership's losses.

The same result is reached if William Hartner holds a tenancy-in-common interest in the properties. All three properties are located in Oregon, thus the rights and obligations of co-tenants would be determined under Oregon law. The Oregon Supreme Court has held that co-tenants are each obligated to pay their pro-rata share property taxes, encumbrances, insurance, maintenance, and necessary repairs. *Palmer v. Protrka*, 257 Or. 23, 31 (1970). The Fullard-Leos' claim is based on expenses that all fall within these categories.[8] Again, there is no evidence suggesting that the co-tenants made any agreement to alter this default rule.

Accordingly, regardless of whether the Fullard-Leos are partners or co-tenants with William Hartner, they are entitled, under Oregon law, to seek reimbursement from the estate for William Hartner's share of prepetition losses. The Fullard-Leos have produced evidence that aggregate prepetition losses were $251,106.24, of which amount $83,702.08 (the same figure that appears in the Fullard-Leos' proofs of claim) is properly allocated to William Hartner. The Fullard-Leos and William Hartner have alleged different valuations for the properties, but even assuming the higher amount (which, counterintuitively, is offered by the Fullard-Leos) is correct, there is no value to the estate after deducting encumbrances and William Hartner's reimbursement obligations.[9]

Application of the *A&C Properties* factors is quite straightforward: all evidence indicates that the estate lacks any compelling argument in opposition to the Fullard-Leos' reimbursement claims. Thus, the estate's position is so precarious that the first factor (likelihood of success) is practically dispositive. Although the dispute is not particularly complex, spending any estate funds to litigate the issue would likely be throwing good money after bad, and the Trustee's proposed settlement is eminently fair and equitable.

---

[6] William Hartner Objection ¶ 2.

[7] *See id.*, Exh. 1, at 1 (letter dated May 28, 2010 from Marcus Fullard-Leo to William Hartner stating "you and I were partnered as tenants in common in several rental real estate properties," including the three at issue here.).

[8] Fullard-Leo Decl., Exh. A.

[9] *See id.*

Conclusion

All available evidence indicates that William Hartner's interest in the Partnerships has no material value to the estate. It is thus reasonable for the Trustee, in the exercise of his business judgment, to relinquish the estate's interest in exchange for a withdrawal of the Fullard-Leos' claim for reimbursement. For this reason, the debtors' objections are overruled and the Motions are granted. Counsel for the Trustee should upload orders approving the Motions within seven days of the date of this letter.

Very truly yours,

Trish M. Brown